**UNITED STATES of America,**

v.

**Marpessa F. MCNEIL, Appellant.**

No. 02–3192.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 23, 2003.

Decided June 4, 2003.

BEFORE: SCIRICA, Chief Judge, SLOVITER, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

This is an appeal by Marpessa McNeil from an order of the District Court that imposed a two-level upward departure pursuant to U.S.S.G. § 3B1.3 because McNeil abused a position of trust. McNeil, however, agreed to this enhancement by the terms of the plea agreement. So, we will affirm.

McNeil was charged with conspiracy (1) to defraud federally insured financial institutions by fraudulent use of stolen credit information, in violation of Title 18 U.S.C. § 1344; and (2) to knowingly and with intent to use unauthorized access devices and access devices issued to other persons in order to obtain automobiles worth more than $1,000 each, in violation of Title 18 U.S.C. § 1029. McNeil signed and entered into a written plea agreement with the government, pleading guilty to the conspiracy count. McNeil now argues that the District Court improperly imposed the two-level sentence increase for abuse of a position of trust. But the plea agreement explicitly states:

10. Pursuant to § 6B1.4 of the Sentencing Guidelines, the parties enter into the following stipulations under the Sentencing Guidelines

. . .

c. The offense level is increased by 2 levels because the defendant abused a position of trust in a manner that significantly facilitated the commission of the offense.

U.S.S.G. § 3B1.3.

By signing this plea agreement, McNeil specifically agreed that the abuse of trust enhancement should be applied. McNeil is bound by the stipulation, and we will affirm.